IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re OMAR SIGUE　　　　　　　　　Case No. 2:08-cv-0921
　　　　　　　　　　　　　　　　　　Judge Gary L. Lancaster
　　　　　　　　　　　　　　　　　　Magistrate Judge Amy Reynolds Hay

REPORT AND RECOMMENDATION

I.　　Recommendation

　　　　It is respectfully recommended that the complaint in the above-captioned case [Dkt. 1] be dismissed for failure to prosecute.

II.　　Report

　　　　The Plaintiff, has presented what appears to be a complaint against unnamed individuals or entities concerning his mental health treatment while in prison and, thus, under the care of the Pennsylvania Department of Corrections. The pleading designated by the Court as his "Complaint" was originally filed in the United States District Court for the Eastern District of Pennsylvania. By Order of that court, the case was closed upon Plaintiff's failure to (1) provide a proper caption as required by Rule 10 of the Federal Rules of Civil Procedure and (2) pay the filing fee or submit a motion to proceed as a pauper. The Order noted that Plaintiff could reassert his claim in the Western District. Dkt. [2]. Thereafter, the case was transferred to this district and filed. Dkt. [3].

　　　　By Order of Court dated July 8, 2008, this Court ordered plaintiff to provide a proper case caption and to pay the filing fee or seek leave to proceed as a pauper. Plaintiff was

given until July 25, 2008, to comply with the Court's Order. To date, plaintiff has failed to respond.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Order which weighs heavily against him. Plaintiff was advised and subsequently ordered to submit a proper complaint but failed to do so. It is solely Plaintiff's responsibility to prosecute his case, to include filing a proper Complaint. His failure to do so after being twice instructed as to this requirement appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by plaintiff's failure to comply with this Court's Orders -- since no one has been named as a defendant and, hence, no one has been served, there appears to be no specific prejudice to any

potential defendant other than general delay. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff, although it appears that any potential defendant may have meritorious defenses. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action in forma pauperis, it does not appear that monetary sanctions are appropriate. Additionally, Plaintiff's failure to respond to the Court's orders demonstrates that he has no serious interest in pursuing his case. Therefore, dismissal is the most appropriate action for this Court to take, and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, plaintiff is permitted to file written objections by September 5, 2008 in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  Amy Reynolds Hay
United States Magistrate Judge

Dated:  19 August, 2008

cc: Hon. Gary L. Lancaster
United States District Judge

Omar Sigue
HH3672
S.C.I. Fayette
Box 9999
LaBelle, PA 15450-0999